IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN HACKETT,

      Plaintiff,                No. CIV S-04-2088 FCD PAN P

    vs.

D. KIMBRELL, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss on March 16, 2005. On July 13, 2005, plaintiff filed an amended complaint against defendants under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (A.D.A.).

        The court finds that the amended complaint moots defendants' motion to dismiss. Thus, defendants' motion to dismiss will be denied without prejudice to its renewal.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

1 U.S.C. § 1915A(b)(1),(2).

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      A state official is not subject to liability under 42 U.S.C. § 1983 for the vindication of rights created by Title II of the A.D.A. because the A.D.A. provides its own "comprehensive remedial scheme." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Accordingly, plaintiff cannot seek redress for discrimination based on a disability under 42 U.S.C. § 1983. Defendants cannot be held individually liable under Title II of the ADA because Title II only imposes liability on public entities. See 42 U.S.C. § 12131. Thus, plaintiff's Title II claim against defendants in their individual capacities fails as a matter of law. Plaintiff's claim is one against defendants in their official capacities, which in effect is a claim against the prison. See Carten v. Kent State Univ., 282 F.3d 391, 396 (6th Cir. 2002) (state official may be held

1  responsible in an official capacity for violating Title II, which by its terms applies only to public
2  entities).  Accordingly, the only proper defendant to plaintiff's A.D.A. claim is the warden of
3  California State Prison, Sacramento where the alleged violations occurred.
4          The complaint states a colorable claim for relief against the warden of California
5  State Prison, Sacramento pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  Since
6  plaintiff identified the warden as a "Doe" defendant, he must learn the identity of the warden of
7  California State Prison, Sacramento and file an amended complaint naming this individual.
8          The complaint states no cognizable claim against defendants M. Knowles, S. J.
9  Vance, D. Kimbrell, P. Kennedy, C. W. Mitchell, M. Vasquez, J. Turella or any Doe defendant
10 other than the warden of California State Prison, Sacramento.  Plaintiff's claims against these
11 defendants are dismissed.
12         Thus, plaintiff's amended complaint will be dismissed.  Although the Federal
13 Rules adopt a flexible pleading policy, a complaint must name the proper defendants and must
14 give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community
15 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
16 degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.
17 Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
18 amended complaint must be dismissed.  The court will, however, grant leave to file a second
19 amended complaint.
20         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate
21 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
22 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint
23 must allege in specific terms how each named defendant is involved.  There can be no liability
24 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
25 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
26 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1  Furthermore, vague and conclusory allegations of official participation in civil rights violations
2  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that
5  an amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
8  original pleading no longer serves any function in the case.  Therefore, in a second amended
9  complaint, as in an original complaint, each claim and the involvement of each defendant must
10 be sufficiently alleged.
11         In accordance with the above, IT IS HEREBY ORDERED that:
12         1. Defendants' March 16, 2005 motion to dismiss is denied without prejudice;
13         2. Plaintiff's amended complaint is dismissed; and
14         3. Plaintiff is granted thirty days from the date of service of this order to file a
15 second amended complaint that complies with the requirements of the Civil Rights Act, the
16 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
17 must bear the docket number assigned this case and must be labeled "Second Amended
18 Complaint"; plaintiff must file an original and two copies of the second amended complaint;
19 failure to file a second amended complaint in accordance with this order will result in a
20 recommendation that this action be dismissed.
21 DATED:  March 6, 2006.

UNITED STATES MAGISTRATE JUDGE

25 /004;001; hack2008.14amd